TRINA A. HIGGINS, United States Attorney (#7349)
STEPHEN L. NELSON, Assistant United States Attorney (#9547)
STEWART M. YOUNG, Assistant United States Attorney (#14377)
Attorneys for the United States of America
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: (801) 524-5682
Email: Stewart.Young@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RAFAEL CAMPOS BARRALES,<br><br>Defendants. | Case No. 2:22mj418-DAO<br><br>**SEALED** COMPLAINT<br><br>COUNT 1: Distribution of Methamphetamine, 21 U.S.C. §§ 841(a)(1)<br><br>COUNT 2: Distribution of Methamphetamine, 21 U.S.C. §§ 841(a)(1)<br><br>Judge Daphne A. Oberg |

Before Daphne A. Oberg, United States Magistrate Judge for the District of Utah, appears the undersigned, who on oath deposes and says:

**COUNT 1**
**21 U.S.C. §§ 841(a)(1)**
**(Distribution of Methamphetamine)**

On or about May 18, 2022, in the District of Utah,

RAFAEL CAMPOS BARRALES,

the defendant herein, did knowingly and intentionally distribute fifty (50) grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, within the meaning of 21 U.S.C. § 812; all in violation of 21 U.S.C. § 841(a)(1) and punishable pursuant to 21 U.S.C. § 841(b)(1)(B).

**COUNT 2**
**21 U.S.C. §§ 841(a)(1)**
**(Distribution of Methamphetamine)**

On or about June 7, 2022, in the District of Utah,

RAFAEL CAMPOS BARRALES,

the defendant herein, did knowingly and intentionally distribute fifty (50) grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, within the meaning of 21 U.S.C. § 812; all in violation of 21 U.S.C. § 841(a)(1) and punishable pursuant to 21 U.S.C. § 841(b)(1)(B).

**AFFIDAVIT IN SUPPORT OF COMPLAINT AND ARREST WARRANT**

Complainant, Kevin Dalrymple, being duly sworn, hereby states that this Felony Complaint is based on information obtained through an investigation consisting of the following:

1. In or about May 2022, the Wasatch Metro Drug Task Force ("WMDTF"), consisting of the Federal Bureau of Investigation ("FBI") and Davis Metro Narcotic Strike Force ("DMNSF"), initiated a criminal investigation into Rafael CAMPOS Barrales ("CAMPOS") and other co-conspirators known and unknown that are associated with the Drug Trafficking Organization ("DTO"), for possible violations of 21 U.S.C. § 841 – Distribution of a controlled substance; and 21 U.S.C. § 846 – Conspiracy to distribute controlled substances.

2. In or about the month of May 2022, a confidential source (hereinafter "CS1")[1] informed investigators that CAMPOS was distributing large quantities of methamphetamine in the

[1] CS1 is cooperating with law enforcement in exchange for consideration on pending criminal charges. Your affiant considers the information received from CS1 to be accurate and reliable. CS1 has a criminal history to include retail theft. CS1 has never provided information to investigators that has been found to be false or misleading. WMDTF investigators have also verified information provided by CS1 in this investigation through independent sources, including surveillance, registered owner checks on vehicles and addresses used by the suspect(s), criminal history checks on the suspects, and information received from other sources of information. Based on conversations with CS1, CS1 appears to be knowledgeable in the sale and distribution of controlled substances.

District of Utah.

3. After receiving this information, investigators were able to utilize an Undercover Officer ("UCO1") to purchase narcotic evidence from CAMPOS. Prior to these controlled purchases, CAMPOS arranged the drug exchange with UCO1 through telephone, and later met with UCO1 to provide the methamphetamine evidence at an agreed upon meeting location. At the time of this writing, the investigation has involved two controlled purchases of methamphetamine from CAMPOS. The first of those buys was on or about May 18, 2022, and the most recent was on or about June 7, 2022. The following is a summary of the controlled purchases.

**<u>May 18, 2022 – 462.93 grams of methamphetamine</u>**

4. On or about May 18, 2022, UCO1 arranged the purchase of a quantity of methamphetamine from CAMPOS who was using telephone number XXX-XXX-7647. CAMPOS agreed to meet UCO1 at a location in Salt Lake County, Utah, to make the drug exchange.

5. Prior to the deal, UCO1 received evidence purchase money and an audio/video recording/transmitting device which was monitored throughout the deal by investigators. UCO1 then traveled to the agreed upon meeting location.

6. Eventually, UCO1 made contact with CAMPOS at the meet location. Shortly thereafter, UCO1 exchanged the drug purchase money for the suspected methamphetamine with CAMPOS. The evidence was later transported to the DMNSF Office, where it was photographed, packaged, and weighed. The evidence weighed 462.93 grams and presumptively tested positive for methamphetamine. The narcotic evidence was then transported and booked into the Davis County Crime Lab for storage.

**<u>June 7, 2022 – 465.01 grams of methamphetamine</u>**

7. On or about June 7, 2022, UCO1 arranged the purchase of a quantity of methamphetamine from CAMPOS who was using telephone number XXX-XXX-7647. CAMPOS agreed to meet UCO1 at a location in Salt Lake County, Utah, to make the drug exchange.

8. Prior to the deal, UCO1 received evidence purchase money and an audio/video recording/transmitting device which was monitored throughout the deal by investigators. UCO1 then traveled to the agreed upon meet location.

9. Eventually UCO1 made contact with CAMPOS at the meet location. Shortly thereafter, UCO1 exchanged the drug purchase money for the suspected methamphetamine with CAMPOS. The evidence was later transported to the DMNSF Office, where it was photographed, packaged, and weighed. The evidence weighed 465.01 grams and presumptively tested positive for methamphetamine. The narcotic evidence was then transported and booked into the Davis County Crime Lab for storage.

10. These amounts of narcotics provided to UCO1 by CAMPOS are consistent with distribution as opposed to personal use. Based on the foregoing information, I respectfully request an arrest warrant be issued for CAMPOS for violations of 21 U.S.C. §841(a)(1), Distribution of Methamphetamine.

11. The elements of distribution of methamphetamine, a violation of 21 U.S.C. § 841(a)(1) are as follows (from Tenth Circuit Pattern Instruction 2.85.1):

**a.** First, the defendant knowingly or intentionally distributed a controlled substance as charged;

**b.** Second, the substance was in fact a mixture or substance containing a detectable

amount of methamphetamine, a Schedule II controlled substance; and

c. Third, the amount of the controlled substance distributed by the defendant was at least 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine.

12. Based on all the information provided above, I submit there is probable cause to arrest CAMPOS for the violation of 21 U.S.C. § 841(a)(1), distribution of controlled substance (methamphetamine).

Kevin Dalrymple
Special Agent
Federal Bureau of Investigation

SUBSCRIBED AND SWORN TO BEFORE ME this 15th day of June 2022.

Judge Daphne A. Oberg
United States Magistrate Judge

APPROVED AS TO FORM:

TRINA A. HIGGINS
United States Attorney

/s/ *Stewart M. Young*

Stewart M. Young
Assistant United States Attorney